**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

JOSEPH BIANCO,                   :
                                    Civil Action No. 08-0606 (JAG)
          Petitioner,            :

     v.                          :    **OPINION**

RIVERFRONT STATE PRISON,         :
et al.,
          Respondents.           :

**APPEARANCES:**

Petitioner pro se
Joseph Bianco
Riverfront State Prison
P.O. Box 9104
Camden, NJ 08101

**GREENAWAY, JR.**, District Judge

   Petitioner Joseph Bianco, a prisoner currently confined at Riverfront State Prison in Camden, New Jersey, has submitted a petition seeking the issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1]  The named respondents are

---

   [1] Section 2254 provides in relevant part:

   (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Riverfront State Prison and the Attorney General of the State of New Jersey.

Based on a review of the Petition, it appears that Petitioner may not be entitled to issuance of the writ at this time. This Court will order Petitioner to show cause why the Petition should not be dismissed without prejudice. See 28 U.S.C. § 2243.

I.   BACKGROUND

A.   Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[2]

> The jury heard evidence in this matter that, at the time of the alleged offenses, nine-year old E.B. lived with her mother, stepfather and two half-brothers in a two-family home; E.B.'s grandmother Cathy Osterman, lived in the other half of the two-family home. Defendant had been dating Osterman for more than ten years and, as a result of this long-standing relationship, E.B. viewed defendant as a grandfather-figure, and referred to him as "Pop-Pop."
>
> Defendant often took E.B. and her siblings to the park or out to eat. The jury heard testimony that, on certain of those occasions, defendant inappropriately touched E.B. The last such touching was alleged to have occurred on July 24, 2002.

---

[2] Pursuant to 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

>Defendant testified on his own behalf and denied any wrongdoing. ...
>
>Defendant moved for a new trial, arguing, among other things, that he realized - after the verdict - that he and Osterman knew one of the jurors from their past employment at Merck Pharmaceuticals in Rahway.  He claimed that the juror had engaged in misconduct by failing to come forward with this information during jury selection or thereafter.  Judge Scott J. Moynihan conducted an evidentiary hearing into these circumstances, and heard testimony from the juror in question on November 21, 2003, the remaining members of the jury, Osterman, and defendant's trial attorney on February 6, 2004, and Sherry Bianco, defendant's daughter, on August 6, 2004.  For the reasons thoroughly expressed in his oral decision of September 20, 2004, Judge Moynihan denied defendant's motion for a new trial.

State v. Bianco, 918 A.2d 720, 721-22 (N.J. Super. Ct. App. Div. 2007).

B.   Procedural History

At the conclusion of the jury trial in the Superior Court of New Jersey, Law Division, Union County, Petitioner was found guilty of second-degree sexual assault, N.J. STAT. ANN. § 2C:14-2(b), and third-degree endangering the welfare of a child, N.J. STAT. ANN. § 2C:24-4(a).  On September 24, 2004, the trial court imposed a seven-year term of imprisonment with an 85% period of parole ineligibility and probation for life.

On direct appeal, Petitioner raised the following claims:

>I.   THE TRIAL COURT ERRED IN DENYING DEFENSE COUNSEL'S MOTION FOR A NEW TRIAL.
>     A.   Factual Introduction
>     B.   In Reaching Its Conclusion That The Defendant's Motion For A New Trial Should Be Denied, The Trial Court

3

>>      Made Certain Credibility Findings
>>      Which Were Clearly Mistaken And
>>      Factually Unsupported By The Trial
>>      Record.
>> C.   The Defendant Was Denied His Right
>>      To Utilize A Peremptory Challenge
>>      Against [The Juror], Justifying A
>>      New Trial On That Basis.
>> **D.   The Defendant Was Denied His Right
>>      To Have His Case Tried Before And
>>      Decided By A Completely Fair And
>>      Impartial Jury By Virtue Of The
>>      Failure Of [The Juror] To Disclose
>>      His Knowledge Of And Relationship
>>      With Cathy Osterman.**
>> **E.   The Defendant Was Denied His Right
>>      To A Fair Trial As A Result Of [The
>>      Juror's] Failure To Inform The
>>      Court That He Realized He Knew The
>>      Defendant During Jury
>>      Deliberations.**
> II.  THE JURY'S VERDICT WAS AGAINST THE WEIGHT OF
>      THE EVIDENCE.
> III. THE SENTENCE IMPOSED WAS MANIFESTLY EXCESSIVE.

Bianco, 918 A.2d at 722 (emphasis added).[3]  The Appellate Division affirmed the conviction and sentence.  On June 21, 2007, the Supreme Court of New Jersey denied certification.  State v. Bianco, 926 A.2d 856 (N.J. 2007).

---

[3] This Court will take judicial notice of the dockets and opinions of other courts in cases related to this Petition.  See Fed. R. Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).  See also 28 U.S.C. § 2254(e)(1) (in a § 2254 habeas proceeding, barring rebuttal by clear and convincing evidence, factual determinations made by state courts are presumed to be correct).

Petitioner states that he has not filed any petitions for post-conviction relief in state court, (Petition, ¶ 10), and that he does not have any such petitions pending (Petition, ¶ 15.) This Court has not located any published opinions or orders suggesting that any state appellate courts have entertained appeals of any such petitions for post-conviction relief.

This Petition, dated January 8, 2008, followed. Here, Petitioner raises the following grounds for relief: (1) "violation of constitutional rights for a fair and impartial jury,"[4] (2) "prosecution refusal to give all of discovery to defense even after asked by the judge," (3) "refusal for a Michaels[5] hearing story was changed by prosecution over and over," (4) mitigating factors and state doctors review and evaluation at Avenal State Prison."[6] (Petition, ¶ 12.)

The issue raised before this Court is exhaustion. Petitioner has used a form Petition, and only with respect to the first ground for relief in the Petition does Petitioner state

---

[4] This Court construes this claim as raising the same juror impartiality questions raised on direct appeal.

[5] State v. Michaels, 642 A.2d 1372 (N.J. 1994) (describing the circumstances under which a trial court must conduct a pre-trial hearing to determine reliability and admissibility of testimony of alleged child sex abuse victims owing to allegedly improper interviewing techniques).

[6] It is not clear whether Petitioner intends here to raise the same claim he raised on direct appeal that his sentence was manifestly excessive.

affirmatively that he has exhausted his state remedies. With respect to the other three claims, he fails to answer the questions regarding exhaustion of the claims. (Petition, ¶ 12.) Nevertheless, in response to the next question on the form Petition, Petitioner responds that he has presented to the highest state court having jurisdiction all grounds for relief raised in this Petition. (Petition, ¶ 13.) In addition, in response to the question asking him to identify all counsel, Petitioner identifies the counsel representing him in post-conviction proceedings. (Petition, ¶ 16(f).) These responses do not resolve the exhaustion issue.

## II.  ANALYSIS

A.  Standards for Sua Sponte Dismissal

Title 28, United States Code, Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2254, 2255.

B.   The Exhaustion Requirement

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

It is appropriate for this Court to raise, sua sponte, the question of whether the exhaustion requirement has been met.  See

Granberry v. Greer, 481 U.S. 129 (1987); 28 U.S.C. § 2254(b)(3). The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry, 481 U.S. 129; Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to exhaust their claims fully] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.

Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Also, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery, and an evidentiary hearing, should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging

9

constitutional deprivation as the basis for the habeas petition." Id. at 187.

Here, state law provides direct appeal and collateral review processes applicable to Petitioner's claims.  See, e.g., N.J. Ct. R. 3:22 (Post-Conviction Relief).  Petitioner Bianco appealed, but if the recitation of the issues raised on appeal, contained in the opinion of the Appellate Division, is accurate, Petitioner did not raise on direct appeal all of the issues raised in the Petition here.  Petitioner has provided conflicting information as to whether he has presented all of these issues to the highest state court, whether on direct appeal or through a petition for post-conviction relief.  Petitioner does not suggest that he was unable to raise these claims in state court for any reason.

As a matter of comity, it is best left to the New Jersey courts to determine if they can entertain a habeas petitioner's unexhausted claims.[7]  District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits.

---

[7] As Petitioner's conviction did not become "final" for purposes of federal habeas review until 90 days after the June 21, 2007, decision of the Supreme Court of New Jersey, and as fewer than five years have passed since Petitioner's sentencing, it does not appear that dismissal without prejudice at this time would present any statute of limitations problems in either state or federal court.  See 28 U.S.C. § 2241(d)(1); N.J. Ct. R. 3:22-12(a).

Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").

Accordingly, Petitioner will be ordered to show cause why the Petition should not be dismissed for failure to exhaust his state remedies.[8]

---

[8] The exhaustion requirement is a "total exhaustion" rule; that is, all claims presented in the federal habeas petition must have been exhausted in state court. Rose v. Lundy, 455 U.S. 509 (1982). At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions, however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims

---

first to the state courts, stay and abeyance is only
appropriate when the district court determines there
was good cause for the petitioner's failure to exhaust
his claims first in state court.  Moreover, even if a
petitioner had good cause for that failure, the
district court would abuse its discretion if it were to
grant him a stay when his unexhausted claims are
plainly meritless.

...

   On the other hand, it likely would be an abuse of
discretion for a district court to deny a stay and to
dismiss a mixed petition if the petitioner had good
cause for his failure to exhaust, his unexhausted
claims are potentially meritorious, and there is no
indication that the petitioner engaged in intentionally
dilatory litigation tactics.  In such circumstances,
the district court should stay, rather than dismiss,
the mixed petition.  ...  For the same reason, if a
petitioner presents a district court with a mixed
petition and the court determines that stay and
abeyance is inappropriate, the court should allow the
petitioner to delete the unexhausted claims and to
proceed with the exhausted claims if dismissal of the
entire petition would unreasonably impair the
petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

   Even where stay and abeyance is appropriate, the district
court's discretion in structuring the stay is limited by the
timeliness concerns reflected in the one-year statute of
limitations.  "Thus, district courts should place reasonable time
limits on a petitioner's trip to state court and back."  Id. at
278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is
stayed, the petitioner should be given a reasonable interval,
normally 30 days, to file his application for state post-
conviction relief, and another reasonable interval after the
denial of that relief to return to federal court.  If a
petitioner fails to meet either time-limit, the stay should be
vacated nunc pro tunc.") (citations omitted).

   Here, Petitioner has presented an apparently "mixed"
petition, as it appears that he has exhausted his first claim
and, perhaps, his fourth.  However, as there are several months

C.  The Proper Respondent

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  Specifically with respect to § 2254 petitions, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  The Advisory Notes to Rule 2 explain further that "[if] the applicant is in jail, prison, or other actual physical restraint due to the state action he is attacking[, the] named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)."  Rules Governing § 2254 Cases, Rule 2(a), Advisory Committee Notes (1976 Adoption).

"[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown

---

left to his federal limitations period, it is not necessary to undertake the stay-and-abeyance procedure.

to the contrary." <u>Wales v. Whitney</u>, 114 U.S. 564, 574 (1885) (emphasis added).

> In accord with the statutory language and <u>Wales</u>' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.
>
> ...
>
> ... [I]dentification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged "custody." In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.

<u>Rumsfield v. Padilla</u>, 542 U.S. 426, 435, 439 (2004) (citations omitted).[9]

Similarly, in the context of alien detainees, the Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action. This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body. That the district director has the power to release the

---

[9] In <u>Padilla</u>, the Supreme Court also noted (1) the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation, 542 U.S. at 435 n.8, and (2) the implicit exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court, 542 U.S. at 436 n.9.  Neither of these potential exceptions to the general rule is raised by this Petition.

>    detainees does not alter our conclusion. Otherwise,
>    the Attorney General of the United States could be
>    considered the custodian of every alien and prisoner in
>    custody because ultimately she controls the district
>    directors and the prisons.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). The Court in Padilla also noted –

>    The proviso that district courts may issue the
>    writ only "within their respective jurisdictions" forms
>    an important corollary to the immediate custodian rule
>    in challenges to present physical custody under § 2241.
>    Together they compose a simple rule that has been
>    consistently applied in the lower courts, including in
>    the context of military detentions: Whenever a § 2241
>    habeas petitioner seeks to challenge his present
>    physical custody within the United States, he should
>    name his warden as respondent and file the petition in
>    the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).

A federal court may raise, sua sponte the issue whether the Petitioner has named the proper respondent. See Barry v. Bergen County Probation Department, 128 F.3d 152, 162-63 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998).

Under the circumstances of this case, where Petitioner is challenging his present physical custody, the administrator of the facility where he is held is an indispensable party respondent, for want of whose presence the Petition is subject to dismissal.  See, e.g., Stanley v. California Supreme Court, 21 F.3d 359 (9th Cir. 1994).  Under the circumstances of this case, it does not appear that either Riverfront State Prison or the Attorney General of New Jersey is an appropriate respondent.

Petitioner will be ordered to show cause why the Petition should not be dismissed for failure to name a proper respondent. Should Petitioner determine that the respondents named are not the proper respondents, he may respond to the order to show cause by proffering an amended petition naming a proper respondent.

### III.  CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why the Petition should not be dismissed.  An appropriate order follows.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  April 21, 2008

16